## SUPREME COURT.

### James T. Ebbets, plaintiff, agt. Maria D. Quick *et al.*, defendants.

*Will — Construction of — Words which do not create an entail.*

Where a testator gave his real estate, after the death of his wife, to his four children, and their heirs forever, and provided that if any of them should die without issue, then their portion " to return to the surviving heirs : "

*Held*, that no entail was created, and that the gift over to the surviving heirs, meant the heirs of the testator, and that the devise over, in the event of either of the children dying without issue, was valid.

*Special Term, December*, 1883.

This is a suit for partition of property, Nos. 41 Broad street and 473 Greenwich street, in the city of New York. The property is held undivided under the will of William Quick, made before the Revised Statutes. He died in 1824.

*Francis Lawton, Jr.*, for plaintiff.

*S. H. Thayer*, for defendant M. D. Quick.

Van Vorst, *J.* — The clause in the will of William Quick, deceased, which is submitted for constructon is in these words :

" I give and bequeath unto my beloved wife, Sarah Quick, all my real and personal estate during her widowhood, and after her decease to be left to my four beloved children, to be equally divided, namely: James Quick, Maria D. Quick, Joanna Quick, John D. Quick, to them and their heirs forever ; provided, if any of them should die without issue, then their property to return to the surviving heirs."

The widow and three of the testator's children have died. Two of the children died without leaving issue. They, however, left wills by which, as it is claimed, they disposed of the shares given them in their father's estate. The contest is

substantially between the devisees under the wills of the two deceased children of the testator and his surviving heirs.

After a careful consideration of the subject, I reach the conclusion that the gift over to the "surviving heirs" of the testator, William Quick, is a good and valid devise.

The primary gift to the four children of the testator was in fee simple absolute, yet by force of the whole devise, every part of which should be considered in construction, the estate before given was in fact determinable upon the death of any of them without issue, and upon the happening of that event the estate of the child so dying passed to the surviving children of the testator and their heirs. The words "should die without issue" refer to the time of the death of the deceased child of the testator, and the words "surviving heirs" mean heirs of the testator, and refer to the same period. The limitation over is not predicated upon an indefinite failure of issue at any time, however remote, if it was, the gift over could not be sustained. Ulterior limitations after a fee have in some cases been held void upon the ground of repugnancy, but not always. In this instance, fair and judicious construction obviates that difficulty. No estate tail is created; certainly not directly. The primary gift is to the children and their "heirs" general, and in view of the gift over upon the contingency above mentioned, under the construction adopted, none was intended.

The intention of the testator, so clearly expressed, should be carried out, as it violates no rule of law.

In *Anderson* agt. *Jackson* (16 *Johns.*, 382), where the will provided that if either of the testator's sons "should depart this life without lawful issue, his share shall go to the survivor," it was held that the words did not create an entail, "but was a good limitation over in fee, by the way of executory devise to the survivor, on failure of issue living at the death of either of the sons" (*Cutler* agt. *Doughty*, 23 *Wend.*, 518; *Dumond* agt. *Stringham*, 26 *Barb.*, 107; *Wilson* agt. *Wilson*, 32 *Barb.*, 328; *Lyth* agt. *Beveridge*, 58 *N. Y.*, 594).

The gifts over, therefore, upon the death of such of the testator's children as died without issue, are determined to be valid, and the rights of all the parties are to be fixed upon that principle.

Judgment is ordered for the plaintiff; findings to be settled on notice.